**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3433
_____

MR. LIONEL S. LAWRENCE, SR.,
Appellant

v.

VINCENT MOONEY, SUPERINTENDENT;
TRISHA KELLEY, SUPERINTENDENT- ASSISTANT;
THERESE JELLEN, MAIL INSPECTOR- SUPERVISOR;
C/O MORRIS, C/O; KOP, C-O; LONGWORTH, C-O;
OJ, LIEUTENANT; KYLE CONFER, RN SUPERVISORS;
DONNA DRESSLER; CHRIS T. YAD; KITRIPP, MAJOR;
JODIE MARTINO, HEALTH CARE ADMINISTRATOR;
MR. HACKS, UNIT MANAGER; JOHN SNYD, FOOD SERVICE MANAGER;
REDD, CESS; PAROLE OFFICER HAM; SGT. EMRICH; NANCY WILSON,
Business Manager
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-15-cv-01657)
District Judge:  Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 16, 2017
Before:  SHWARTZ, COWEN and FUENTES, Circuit Judges

(Opinion filed: March 17, 2017)
_____

OPINION[*]

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

_____

PER CURIAM

Lionel Lawrence, Sr., appeals the District Court's sua sponte dismissal of his civil rights action for failure to state a claim. Lawrence is incarcerated at SCI-Coal Township, and is proceeding pro se and in forma pauperis. We will affirm.

Lawrence's initial complaint alleged that prison staff violated his Eighth Amendment rights by confiscating his blood pressure medication and refusing his requests to see a doctor for several days, thus making him "very very sick." Over the next three months, Lawrence repeatedly submitted exhibits and documents intended to supplement his complaint. These filings added defendants and alleged various civil rights violations including being denied parole, confinement in restrictive housing, and denial of medical care. Rather than consider Lawrence's piecemeal filings in their entirety, the Magistrate Judge ordered Lawrence to "prepare a comprehensive amended complaint . . . which stands by itself as an adequate complaint without reference to the complaint already filed" and advised that failure to follow these instructions would result in dismissal.

Lawrence then filed a "Supplemental Complaint" and "A-Supplemental Complaint." These filings list numerous grievances against prison officers and staff while Lawrence was in restrictive housing; however, they do not restate the Eighth Amendment claims contained in the initial complaint. The Magistrate Judge recommended that these two filings be construed together as an amended complaint and dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The

2

Magistrate Judge further recommended denying leave to amend for futility.  The District Court agreed and sua sponte dismissed Lawrence's complaint for failure to state a claim without leave to amend.  Lawrence timely appealed.

This Court allowed Lawrence to file a brief with particular instructions to address the District Court's sua sponte dismissal of his amended complaint without considering his initial Eighth Amendment claims.  Lawrence's brief contains a vague reference to his "medical attention needs," restates some of the facts of his initial complaint, alleges that he was placed in "the Hole" for speaking up about civil rights violations, and requests that the Magistrate and District Judges be fired and sent to prison.

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of Lawrence's amended complaints for failure to state a claim.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  We review the District Court's denial of leave to amend for abuse of discretion.  U.S. ex rel. Schumann v. AstraZeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014).

Lawrence's amended complaints fail to state a claim for relief.  The only factual allegations these filings directly identified was that a correctional officer did not allow Lawrence to shower on a certain occasion while in the restrictive housing unit, and that a Unit Manager of the prison was "taking matters in his own hands."  These allegations are conclusory and do not state a viable conditions of confinement claim.

Consideration of Lawrence's initial Eighth Amendment claims was unnecessary given the District Court's order to file a comprehensive amended complaint.  District (and magistrate) judges must strive to manage their calendars efficiently.  Cf. Mindek v.

3

Rigatti, 964 F.2d 1369, 1374 (3d Cir. 1992). Thus, district courts retain discretion to manage and control their own dockets, and this Court will not second-guess a district court doing so "except upon the clearest showing that the procedures have resulted in actual and substantial prejudice." See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817-18 (3d Cir. 1982).

Here, after filing his initial complaint, Lawrence submitted at least fifteen subsequent exhibits, amended complaints, and requests to add additional defendants and claims. Given the repetitive and at times convoluted nature of Lawrence's filings, the Magistrate Judge properly exercised her discretion in ordering Lawrence to submit a comprehensive amended complaint. See id. Lawrence had a chance to sort through and present all his claims to the District Court at once. As discussed above, he failed to do so, and his subsequent submissions were properly dismissed.

Because Lawrence was explicitly notified that failure to submit one comprehensive amended complaint would result in dismissal, the District Court was within its discretion to deny further leave to amend. See AstraZeneca Pharm. L.P., 769 F.3d at 849.

For these reasons, we will affirm the District Court's judgment.

4